**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.                                           Cr. No.  05-263 JH

**KENNETH MANZANARES,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER**

        This matter comes before the Court on the Government's *Notice to Offer Res Gestae Evidence or to Introduce 404(b) Evidence of Other Crimes or Wrongful Acts* [Doc. No. 33] and Defendant's *Motion in Limine to Exclude State Murder Conviction* [Doc. No. 62].  The issue raised in both pleadings is whether evidence of another murder for which Defendant has been convicted, and which was committed just a few hours before and physically near the place where Defendant allegedly committed the murder in this case, should be admitted at trial.  On August 31, 2006, the Court held an evidentiary hearing on the above, at which Defendant was present.  After considering the arguments of counsel, the testimony, and the law, the Court concludes that Defendant's motion in limine should be denied, and the evidence should be admitted at trial.

        "Evidence admissible for one of the purposes specified in Fed. R. Evid. 404(b) and res gestae evidence are not always separated by a bright line." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995).  Evidence of other bad acts "should not be suppressed when those facts come in as res gestae—'as part and parcel of the proof of the offense [] charged in the indictment.' " *Id*. (quoting *United States v. Gano*, 560 F.2d 990, 993 (10th Cir. 1977)).

        In this case, the evidence of the first murder is part of the res gestae of the murder charged

in this case. At the hearing on August 31, 2006, the government presented sufficient evidence to support a reasonable inference that the two murders involved the same individuals (including the Defendant) on the same night in approximately the same geographical area, that the victim in the second murder had been a participant in the first, that Defendant participated in both murders, and that the two murders were part of the same continuous series of events. Further, the Court concludes that the evidence regarding how the alleged participants in the second murder came to be at the murder scene and their relationships with one another necessarily involves revealing to the jury evidence related to the first murder. Accordingly, evidence regarding the first murder is admissible as part of the res gestae of the crime charged in this case.

Furthermore, the evidence is admissible under Rule 404(b) of the Federal Rules of Evidence, which provides that evidence of other crimes is admissible to prove, *inter alia*, motive and opportunity. The government has offered the evidence of Defendant's participation in the first murder to show that he had motive (a desire to cover up the first murder by silencing fellow participant Philip Murtaugh) and opportunity (presence at the crime scene and access to a weapon) to commit the second murder. The Court concludes that the evidence of the first crime is admissible at trial for these purposes as well.

**IT IS THEREFORE ORDERED** that *Motion in Limine to Exclude State Murder Conviction* [Doc. No. 62] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**